## GILBERT B. HAYS *vs.* DEXTER DRAKE.

Under the Rev. Sts. *c.* 15, §§ 33, 78, a constable duly chosen and sworn is qualified to act as collector of taxes, without any further oath, if another person duly chosen collector does not accept the office; although that person is not summoned in writing to accept the office, as required by Rev. Sts. *c.* 15, § 39, and *St.* 1853, *c.* 283, and his refusal to accept the office does not appear of record.

A tax warrant, otherwise valid on its face, addressed to one as "constable or collector," who is authorized to act as collector at the time of its delivery to him, although not at the time it bears date, will protect him from liability for acts as collector under it.

A collector is not liable to an action for seizing property on two tax warrants, either of which is sufficient in form.

ACTION OF TORT for the conversion of a cow. The defendant justified under two tax warrants from the assessors of the town of Buckland, one dated the 19th of June 1856, and addressed " to        collector of the town of Buckland," and the other dated the 23d of said June, and addressed " to Dexter Drake, constable or collector of the town of Buckland."

At the trial in the court of common pleas, before *Morris,* J., it appeared by the records of the town meeting in March 1856, that one Payne and the defendant were chosen and sworn as constables, and Payne was chosen collector. It did not appear that Payne had ever been sworn as collector; and it was admitted that he was never summoned in writing to take the oath or accept the office of collector, in the manner pointed out by Rev. Sts. *c.* 15, §§ 39, 40, and *St.* 1853, *c.* 283, § 2. There was no record of his having refused to serve as collector; but the defendant introduced evidence tending to show that Payne had verbally declined to take said oath or accept said office, and notified the same to the chairman of the board of assessors on the 19th of June; and that the two warrants aforesaid, with the accompanying tax lists, were delivered to the defendant on the 26th of June. The defendant never took any oath of office, except as constable; and about the time of his election gave bond to perform the duties of that office; and on the 26th of June gave bond to perform the duties of constable or collector.

This action was commenced immediately after the taking of the cow, and before she was advertised or sold. It appeared by

the account of sales rendered by the defendant to the plaintiff, pursuant to Rev. Sts. *c.* 8, § 10, that the cow was distrained and sold for the payment of the taxes in both tax bills.

The plaintiff requested the court to instruct the jury " that the defendant should have taken an oath as collector; that the direction of the warrants was irregular; that one or both of the warrants were irregular, as being dated and made out before the defendant was qualified to act as collector; that, as the record showed the election of a collector, the refusal of Payne to accept the office should appear by the record, or could be ascertained only in the modes pointed out by the statutes; and that for all or a portion of these reasons the justification set up by the defendant was not sustained."

The judge refused so to instruct; but instructed the jury " that Payne's refusal to accept the office need not appear of record; and that the warrants were a justification to the defendant, who was not bound to go behind them, and inquire whether Payne had or had not in fact refused to accept the said office." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*C. Allen*, for the plaintiff. 1. The defendant's oath as constable did not authorize him to act as collector. *Payson* v. *Hall*, 30 Maine, 319.

2. The refusal of Payne to serve as collector should appear ot record, after having been first ascertained in the manner pointed out by the statutes. The law requires a formal notice to all public officers, except constables; and Payne cannot be said to have refused to serve until such notice. Rev. Sts. *c.* 15, §§ 39, 40, 67. *St.* 1853, *c.* 283, § 2. *Strong, petitioner*, 20 Pick. 490. Assessors and constables have no discretion in this matter, and no authority to act for the town in receiving such refusals. *Rex* v. *Mayor of Rippon*, 1 Ld. Raym. 563, and 2 Salk. 433. *Regina* v. *Mayor &c. of Gloucester*, Cas. temp. Holt, 450, 2 Ld. Raym. 1304, and 11 Mod. 270. *Cummings* v. *Clark*, 15 Verm. 653. *George* v. *School District in Mendon*, 6 Met. 497. *Van Orsdall* v. *Hazard*, 3 Hill, 243. Angell & Ames on Corp. § 433. At any rate, their decision is not conclusive upon the point that

Payne refused to serve. *Johnston* v. *Wilson*, 2 N. H. 202. The presumption is, that Payne would have served, because, having been sworn as constable, he could not avoid doing the duties of collector.

3. The direction of each warrant was irregular and insufficient, in not reciting the particular facts necessary to give constables the right to collect taxes. *Carlisle* v. *Weston*, 21 Pick. 535. *Shields* v. *Hastings*, 10 Cush. 247. *Case* v. *Humphrey*, 6 Conn. 139. Watson on Sheriffs, 271. The warrant of June 19th addressed only " to collector " cannot, on any construction, be considered as directed to the defendant; for Payne was then collector; and therefore the defendant could not lawfully serve it. *Wood* v. *Ross*, 11 Mass. 276. *Brier* v. *Woodbury*, 1 Pick. 362. The warrant of June 23d, being addressed to Drake as " constable *or* collector," furnished no information of his legal character, but had a tendency to mislead. And neither warrant could properly be directed to the defendant, for Payne did not decline the office until the 26th of June.

*W. Griswold & S. T. Field*, for the defendant.

DEWEY, J. The defendant is not responsible for any irregularity in the proceedings of the assessors, if the warrant directed to him was on its face within their jurisdiction. By virtue of the Rev. Sts. *c.* 15, § 33, constables are collectors of taxes, unless other persons are specially chosen to be collectors, and also, by § 78, in case the persons so chosen shall refuse to serve in said office. The defendant was duly elected a constable of the town of Buckland, and accepted the office, and gave bond and was duly sworn to the faithful discharge of the duties of that office. No further oath of office was required of him to render him competent to discharge the duties of a collector, if those duties should, under the statute, devolve upon him. *Colman* v. *Anderson*, 10 Mass. 105.

Although the evidence shows that there had been an election of another person as collector of taxes at the annual meeting in March previous, yet it also shows that such person had never qualified himself for the office, by taking the oath and giving the bond required by law.

33 *

Any irregularities in the proceedings of other officers, in respect to notifying such choice to the person thus chosen collector, cannot affect the defendant in this case. He knew he was liable to be called to discharge this duty, if there should be no collector legally chosen and qualified to act. A warrant to the defendant from the assessors, directing him to proceed to collect the tax as constable, was a warrant emanating from a tribunal having jurisdiction of the general subject, and would furnish a justification to him for acting under it, under the circumstances of this case. The person elected collector of taxes at the annual meeting in March had not, as late as the 19th of June following, taken the oath as collector, or given bond to the town for the faithful discharge of the duties of his office. There was no legally qualified collector, or person claiming to act as such, at the time of issuing the warrants to the defendant.

The fact, that the refusal of the person chosen as collector to accept that office, or his omission to qualify himself for the discharge of its duties, by taking the oath and giving the requisite bond, does not appear on record in the books of the town, does not render the defendant liable as a trespasser for executing the warrants directed to him.

We see no ground for charging the defendant, because one of the warrants bears date before the day on which he gave bond to the town ; inasmuch as it is found by the facts stated in the case that the warrants were not delivered until the 26th of June, the day on which he gave the bond required by law.

Nor is it necessary to decide whether one of these warrants may not be defective in its direction, by reason of omitting the name of the person to whom it was delivered. Certainly the full designation by name is the most proper form. But as the other warrant is not obnoxious to this objection, and the property was originally taken upon that as well as the other, and this action was brought for the act of seizure, before any further proceedings had been had, by way of converting the property or applying the proceeds thereof, the defendant may well justify the taking under the warrant that is unexceptionable in form, and that is a sufficient defence to the present action.                    *Exceptions overruled.*